## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA MACK, as ADMINISTRATRIX | : | |
| of the ESTATE of WILLIAM A. MACK, JR., | : | |
| deceased, | : | |
| Plaintiff, | : | |
| v. | : | |
| VENTRACOR, INC. and RHINTON J.MORRIS, | : | |
| M.D. and MICHAEL A. ACKER, M.D. and | : | |
| MARIELL L. JESSUP, M.D. and | : | Civil Action No. 10-2142 |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA T/D/B/A UNIVERSITY | : | |
| OF PENNSYLVANIA ALSO T/D/B/A THE | : | |
| HOSPITAL OF THE UNIVERSITY OF | : | |
| PENNSYLVANIA ALSO T/D/B/A UNIVERSITY | : | |
| OF PENNSYLVANIA HEALTH SYSTEM, | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO STAY ALL PROCEEDINGS PENDING A
DETERMINATION OF THIS HONORABLE COURT'S JURISDICTION;
OR, IN THE ALTERNATIVE,
MOTION TO EXPAND TIME TO RESPOND TO DEFENDANTS,
RHINTON J. MORRIS, M.D., MICHAEL A. ACKER, M.D., MARIELL L. JESSUP,
M.D., AND THE TRUSTEES OF THE UNIVERSITY OF
PENNSYLVANIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NOW COMES,** Plaintiff, Barbara Mack, as Administratrix of the Estate of William A.

Mack, Jr., deceased, by and through her undersigned counsel, Kline & Specter, P.C., who hereby

files with this Honorable Court Plaintiff's Motion to Stay All Proceedings Pending a Determination

of This Honorable Court's Jurisdiction; or, in the Alternative, Motion to Expand Time to Respond

to Defendants, Rhinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D., and The

Trustees of The University Of Pennsylvania's Motion to Dismiss Plaintiff's Complaint.  In support

thereof, Plaintiff states the following:

      1.     These wrongful death and survival actions sounding in strict liability, various

products liability theories, professional negligence, battery (lack of informed consent), and breach

of fiduciary duty, arise out of the death of William Mack, Jr., deceased ["Mr. Mack"], following the implantation of a left ventricular assist device ["LVAD"], the VentrAssist LVA4, at the Hospital of the University of Pennsylvania on April 29, 2008.  A true and correct copy of Plaintiff's Civil Action Complaint has been previously filed with the Court with Defendants' Notice of Removal.

2.      The VentrAssist LVA4 was designed and manufactured by Ventracor, Ltd. and Ventracor, Inc., and was the subject of a research study performed at the University of Pennsylvania, among other institutions, under a conditional Investigational Device Exemption, in which Mr. Mack was a human research participant.

3.      Mr. Mack died on June 8, 2008 secondary to a defect in the external connector leads of his VentrAssist LVA4 device.  These defects caused Mr. Mack to become detached from his life-supporting LVAD, leading to his death.

4.      The VentrAssist LVA4 was subsequently quarantined by Ventracor, Ltd. by way of safety announcements issued by the company on or about February 10, 2009.  These announcements specifically identified defects in external lead connectors and attributable serious injuries and deaths. See Compl. at Exhibits "D" and "E."

5.      The present civil action was commenced by way of a Civil Action Complaint filed in the Court of Common Pleas of Philadelphia County, Pennsylvania on March 31, 2010.  Plaintiff's Civil Action Complaint raises only state law causes of action.  See Compl, passim.

6.      On  May 11, 2010, Defendants,  Rhinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D., and The Trustees of The University Of Pennsylvania, by and through their counsel, Christie, Pabarue, Mortensen and Young, filed a Notice of Removal pursuant to 28 U.S.C.

§ 1446(d), based upon a claim that federal question jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1441.

7.     On May 17, 2010, Defendants, Rhinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D., and The Trustees of The University Of Pennsylvania, by and through their aforementioned counsel, filed Defendants' Motion to Dismiss Plaintiff's Complaint.

8.     There is a substantial issue of this Court's jurisdiction over the above-captioned action which is presently before this Court.

9.     Plaintiff will file Plaintiff's Motion to Remand and for Costs, Expenses and Attorney's Fees pursuant to 28 U.S.C. § 1447, on or before June 11, 2010, the statutorily mandated time said motion.  See 28 U.S.C. § 1447(c).

10.    Plaintiff herein respectfully requests that this Honorable Court stay all proceedings with respect to Defendants' Motion to Dismiss Plaintiff's Complaint, or, in the alternative, to expand the time for Plaintiff's response to said motion, for the reasons set forth below, pending this Court's resolution of the jurisdictional issue.

11.    Fed.R.Civ.P. 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice, if the court acts, or if a request is made, before the original time or its extension expires."

12.    Accordingly, in the interests of judicial economy and the "inexpensive determination" of this proceeding, see Fed.R.Civ.P. 1, Plaintiff respectfully requests that this Honorable Court stay the determination of the aforementioned Defendants' Motion of Dismiss Plaintiff's Complaint, including the time for Plaintiff's response thereto, pending the determination of the jurisdictional

issue presently before the Court.  A form of Order consistent with this request is attached hereto for the Court's review.

13.     Plaintiff respectfully suggests that the interests of judicial economy and the reduction of the expense of the litigation for the respective parties represents "good cause" shown.

14.     In the alternative, Plaintiff respectfully requests that Plaintiff's time to response to the aforementioned Defendants' Motion to Dismiss Plaintiff's Complaint be expanded by 45 (forty-five) days.  A form of Alternative Order consistent with this request is attached hereto for the Court's review.

15.     Plaintiff's counsel has conferred with defense counsel concerning the request to stay all proceedings set forth herein.  Defendants do not oppose this request.

16.     Further, defense counsel has expressed an intention to file a separate motion respectfully requesting that this Honorable Court expand the stay of proceedings to include any and all discovery and disclosure requirements in this action, pending this Court's determination of the jurisdictional issue.

17.     Plaintiff has no opposition to this proposed request, in the event that Defendants file their aforementioned motion seeking expanded stay relief.

**WHEREFORE,** for the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Stay All Proceedings Pending a Determination of This Honorable Court's Jurisdiction, and enter the attached form of Order. In the alternative, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Expand Time to Respond to Defendants, Rhinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D., and The

4

Trustees of The University Of Pennsylvania's Motion to Dismiss Plaintiff's Complaint to 45 (forty-

five) days from the date of the attached form of Alternative Order.


                              **KLINE & SPECTER**
                              ***A Professional Corporation***



                    By:       /s/ Mark A. Hoffman      
                           SHANIN SPECTER, ESQUIRE
                           MARK A. HOFFMAN, ESQUIRE
                           CHARLES L. BECKER, ESQUIRE
                           The Nineteenth Floor
                           1525 Locust Street
                           Philadelphia, Pennsylvania  19102
                           215.772.1000


Dated:  May 27, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBARA MACK, as ADMINISTRATRIX | : | |
| of the ESTATE of WILLIAM A. MACK, JR., | : | |
| deceased, | : | |
| Plaintiff, | : | |
| v. | : | |
| VENTRACOR, INC. and RHINTON J.MORRIS, | : | |
| M.D. and MICHAEL A. ACKER, M.D. and | : | |
| MARIELL L. JESSUP, M.D. and | : | Civil Action No. 10-2142 |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA T/D/B/A UNIVERSITY | : | |
| OF PENNSYLVANIA ALSO T/D/B/A THE | : | |
| HOSPITAL OF THE UNIVERSITY OF | : | |
| PENNSYLVANIA ALSO T/D/B/A UNIVERSITY | : | |
| OF PENNSYLVANIA HEALTH SYSTEM, | : | |
| Defendants. | : | |

## ORDER

**AND NOW,** this          day of                          , 2010, upon consideration of

Plaintiff's Motion to Stay All Proceedings Pending a Determination of This Honorable Court's

Jurisdiction; or, in the Alternative, Motion to Expand Time to Respond to Defendants, Rhinton J.

Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D., and The Trustees of The University

Of Pennsylvania's Motion to Dismiss Plaintiff's Complaint, and any Response thereto, it is hereby

**ORDERED** and **DECREED** that Plaintiff's motion is **GRANTED**.  Proceedings in this action are

**STAYED**, and shall remain stayed until further Order of this Court.

**BY THE COURT:**

_____

                                                            J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBARA MACK, as ADMINISTRATRIX | : | |
| of the ESTATE of WILLIAM A. MACK, JR., | : | |
| deceased, | : | |
| Plaintiff, | : | |
| v. | : | |
| VENTRACOR, INC. and RHINTON J.MORRIS, | : | |
| M.D. and MICHAEL A. ACKER, M.D. and | : | |
| MARIELL L. JESSUP, M.D. and | : | Civil Action No. 10-2142 |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA T/D/B/A UNIVERSITY | : | |
| OF PENNSYLVANIA ALSO T/D/B/A THE | : | |
| HOSPITAL OF THE UNIVERSITY OF | : | |
| PENNSYLVANIA ALSO T/D/B/A UNIVERSITY | : | |
| OF PENNSYLVANIA HEALTH SYSTEM, | : | |
| Defendants. | : | |

<u>**ALTERNATIVE ORDER**</u>

**AND NOW,** this        day of                        , 2010, upon consideration of

Plaintiff's Motion to Stay All Proceedings Pending a Determination of This Honorable Court's

Jurisdiction; or, in the Alternative, Motion to Expand Time to Respond to Defendants, Rhinton J.

Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D., and The Trustees of The University

Of Pennsylvania's Motion to Dismiss Plaintiff's Complaint, and any Response thereto, it is hereby

**ORDERED** and **DECREED** that Plaintiff's motion is **GRANTED**.  Plaintiff shall respond to said

Defendants' Motion to Dismiss Plaintiff's Complaint on or before 45 (forty-five) days from the date

of this Order.

**BY THE COURT:**

_____

                                                                 J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBARA MACK, as ADMINISTRATRIX | : | |
| of the ESTATE of WILLIAM A. MACK, JR., | : | |
| deceased, | : | |
| Plaintiff, | : | |
| v. | : | |
| VENTRACOR, INC. and RHINTON J.MORRIS, | : | |
| M.D. and MICHAEL A. ACKER, M.D. and | : | |
| MARIELL L. JESSUP, M.D. and | : | Civil Action No. 10-2142 |
| THE TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA T/D/B/A UNIVERSITY | : | |
| OF PENNSYLVANIA ALSO T/D/B/A THE | : | |
| HOSPITAL OF THE UNIVERSITY OF | : | |
| PENNSYLVANIA ALSO T/D/B/A UNIVERSITY | : | |
| OF PENNSYLVANIA HEALTH SYSTEM, | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

    I, MARK A. HOFFMAN, ESQUIRE, hereby certify that a true and correct copy of the **Plaintiff's Motion to Stay All Proceedings Pending a Determination of this Honorable Court's Jurisdiction; Or, in the Alternative, Motion to Expand Time to Respond to Defendants, Rhinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D., and the Trustees of the University of Pennsylvania's Motion to Dismiss Plaintiff's Complaint**, was served via e-mail and first class U.S. mail on the following individuals:

James A. Young, Esquire
1880 John F. Kennedy Boulevard
10th Floor
Philadelphia, PA  19103

**KLINE & SPECTER**
*A Professional Corporation*

By:    /s/ Mark A. Hoffman
            MARK A. HOFFMAN, ESQUIRE
            Attorneys for Plaintiff

Date:  May 27, 2010