IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA MACK, as ADMINISTRATRIX of the ESTATE of WILLIAM A. MACK, JR., deceased, <br><br> Plaintiff, <br><br> v. <br><br> VENTRACOR, INC., et al. <br><br> Defendants. | Civil Action No. 10-2142 |

## ORDER

AND NOW on this _____ day of _____, 2010, upon consideration of Defendants, Rohinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D. and Trustees of the University of Pennsylvania's Motion To Stay Discovery with Memorandum of Law In Support, and any response thereto, it is hereby ORDERED that Defendants' Motion is GRANTED and discovery is suspended until this Court decides the pending Fed. R. Civ. P. 12 (6)(b) Motion seeking to dismiss plaintiff's Complaint as to the Moving Defendants.

BY THE COURT:

_____
J.

675748_1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA MACK, as ADMINISTRATRIX of the ESTATE of WILLIAM A. MACK, JR., deceased,<br><br>   Plaintiff,<br><br> v.<br><br>VENTRACOR, INC., et al.<br><br>   Defendants. | Civil Action No. 10-2142 |

**DEFENDANTS, ROHINTON J. MORRIS, M.D., MICHAEL A. ACKER, M.D., MARIELL L. JESSUP, M.D. AND THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S MOTION TO STAY DISCOVERY**

For the reasons set forth in the accompanying Memorandum of Law, Defendants, Rohinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D. and the Trustees of the University of Pennsylvania, t/d/b/a University of Pennsylvania, The Hospital of the University of Pennsylvania and the University of Pennsylvania Health System, respectfully request that this Court stay all discovery proceedings pending its ruling on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**CHRISTIE, PABARUE, MORTENSEN AND YOUNG**

DATED: 5/27/10

BY: _____
JAMES A. YOUNG, ESQ.
RICHARD S. MARGULIES, ESQ.
JUSTIN P. MCGLYNN, ESQ.
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103
(215)-587-1625/1628/1632
*Attorneys for Defendants,*
Rohinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D. and the Trustees of the Hospital of the University of Pennsylvania

675748_1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA MACK, as ADMINISTRATRIX of the ESTATE of WILLIAM A. MACK, JR., deceased,<br><br>   Plaintiff,<br><br>   v.<br><br>VENTRACOR, INC., et al.<br><br>   Defendants. | Civil Action No. 10-2142 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, ROHINTON J. MORRIS, M.D., MICHAEL A. ACKER, M.D., MARIELL L. JESSUP, M.D. AND THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA'S MOTION TO STAY DISCOVERY

Defendants, Rohinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D. and the Trustees of the University of Pennsylvania, by and through their counsel, Christie, Pabarue, Mortensen and Young, a Professional Corporation, hereby submit this Memorandum of Law in Support of their Motion to Stay Discovery until this Court decides the pending Fed. R. Civ. P. Rule 12(b)(6) Motion seeking to dismiss Plaintiff's Complaint as against Moving Defendants. For the reasons that follow, the Motion should be granted in all respects.

**FACTUAL BACKGROUND**

This matter involves claims relating to the death of plaintiff's decedent, William A. Mack, Jr., due to an alleged design defect in a medical device manufactured by co-defendant Ventracor, Inc.

Plaintiff initially filed suit more than one year ago in the Philadelphia Court of Common Pleas against HUP and co-defendant, Ventracor, Inc. based on the same subject matter as involved in the action herein. Defendant HUP filed Preliminary Objections with respect to the only claim then asserted against HUP – a strict liability claim. Thereafter, plaintiff filed eight (8)

675749_1

Amended Complaints against HUP and Ventracor in an attempt to overcome the defects of her initial and subsequent pleadings, adding additional claims against HUP along the way beyond the strict liability claim which was initially asserted.

Defendant HUP responded by filing Preliminary Objections on seven (7) occasions. On February 19, 2010, more than one year after Plaintiff filed her original Complaint, Plaintiff filed an 8th Amended Complaint. In light of the substantial question of federal law raised in Plaintiff's 8th Amended Complaint, Defendants removed the matter to the Eastern District of Pennsylvania. After Defendants filed Motions to Dismiss in Federal Court, the action was voluntarily dismissed by Plaintiff on March 26, 2010.

The instant action was initially filed in Philadelphia Court of Common Pleas on March 31, 2010, based on the same subject matter at issue in the aforementioned litigation. Again, in light of the substantial question of federal law raised in the Complaint, Defendants removed this matter to this Court by filing a timely Notice of Removal pursuant to 28 U.S.C. §1331 on May 10, 2010.

On May 17, 2010, moving defendants filed a Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). Moving defendants' Motion addresses the legal insufficiency of Counts II, III, VIII, IX and X of Plaintiff's Complaint, and plaintiff's unsubstantiated request for punitive damages. Defendants' Motion to Dismiss is fully dispositive of all claims brought against them in plaintiff's lawsuit. On this basis, a stay of discovery is warranted. Plaintiff's counsel does not oppose moving defendants' request to stay discovery pending the Court's resolution of the Motion to Dismiss.

**ARGUMENT**

Despite the fact that a Motion to Dismiss is pending, absent a stay, defendants will be required to respond to substantial discovery and comply with other procedural steps as required by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(f). Given that the pending Motion to Dismiss may dispose of at least some, if not all, of plaintiff's

675749_1

2

claims, it is in the interest of judicial economy to grant a limited stay of discovery until the motions are decided. Failure to stay discovery will result in undue prejudice to moving defendants since by pursuing the discovery, defendants will be forced to defend an action and claims that may be dismissed in the immediate future.

1. **ALL DISCOVERY SHOULD BE STAYED PENDING THE RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

   A. **Legal Standard**

   This Court has broad discretion as to whether to grant a stay of all discovery in order to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Norfolk Southern Ry. Co. v. Power Source Supply, Inc., 2007 WL 709312 *1-2 (W.D.Pa. Mar. 5, 2007) (quoting WorldCom Technologies, Inc. v. Intelnet Int'l, Inc., 2002 U.S. Dist. Lexis 15892*18-19 (E.D.Pa. Aug. 22, 2002)). This discretion is incidental to every court's power to schedule disposition of its cases in order to promote a fair and efficient adjudication. Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir. 1983).

   Staying discovery while a motion to dismiss is pending is the favored approach given that the pending motion may dispose of the action. See Norfolk Southern Ry. Co., 2007 WL 709312 at *1-2; Weisman v. Mediq, Inc., 1995 U.S. Dist. Lexis 5900, at *5-6 (E.D.Pa. May 3, 1995); Am. Int'l. Airways, Inc. v. Am. Int'l. Group, Inc., 1991 WL 46405 *1 (E.D.Pa. March 28, 1991) (when a Rule 12(b)(6) motion to dismiss is filed, thereby testing the sufficiency of the original pleading, a stay in discovery is appropriate).

   In Weisman v. Mediq, Inc., the defendants sought a stay of all discovery during the pendency of a motion to dismiss. The District Court held that the imposition of a stay is proper if resolution of a pending motion may narrow or eliminate the issues for discovery or, in the alternative, eliminate the action altogether. 1995 U.S. Dist. Lexis 5900 at *5-6. The Court suggested that a stay would benefit both parties by saving time and money for all concerned,

and granted the stay reasoning that doing so would inform the parties as to which claims are viable and what discovery needed to occur. Id., see also Norfolk Southern Ry. Co., 2007 WL 709312 at *1-2 (courts should favor granting the stay of all discovery when the motion may eliminate the action altogether); Jackson v. Northern Telecom, Inc., 1990 U.S. Dist. Lexis *2 (E.D.Pa. March 29, 1990) (in the interest of judicial economy, and with a view toward preventing possibly unnecessary and expensive discovery, the court granted defendants' motion to stay discovery).

### B. A Stay of Discovery is Warranted Here

Moving defendants filed a motion to dismiss which will have the potential effect of dismissing all of the five counts asserted against them in Plaintiff's Complaint. The parties do not need discovery for the Court to resolve the pending motion, which can be decided as a matter of law.

Additionally, discovery should be stayed because moving defendants will be severely prejudiced if they are forced to proceed with time-consuming and costly discovery while the motions are pending, particularly in light of the procedural history involved here. Moving defendants have already been subjected to extraordinary fees and costs in litigation that will likely be significantly narrowed if not fully resolved by the pending dispositive motion.

Finally, staying all discovery pending resolution of the motion to dismiss will not prejudice plaintiff. Typically, a plaintiff would be agreeable to refrain from expending substantial time, money and effort in engaging in discovery which may turn out to be wholly unnecessary in light of the dispositive motion. Plaintiff cannot claim that a brief stay would negatively impact this case.

**CONCLUSION**

For all of these reasons, moving defendants respectfully request that the instant motion be granted and discovery stayed until the pending motion to dismiss is decided.

Respectfully submitted,

**CHRISTIE, PABARUE, MORTENSEN AND YOUNG**

DATED: 5/27/10           BY: _____
JAMES A. YOUNG, ESQ.
RICHARD S. MARGULIES, ESQ.
JUSTIN P. MCGLYNN, ESQ.
1880 JFK Boulevard
Philadelphia, PA 19103
(215) 587-1625/1628/1632
*Attorneys for Defendants*,
Rohinton J. Morris, M.D., Michael A. Acker, M.D., Mariell L. Jessup, M.D. and the Trustees of the Hospital of the University of Pennsylvania

**CERTIFICATE OF SERVICE**

Justin P. McGlynn, Esquire, hereby certifies that on this date he caused Defendants' Motion to Stay Discovery and Memorandum of Law In Support to be served by electronic means and U.S. First-Class Mail upon counsel listed below:

Shanin Specter, Esq.
Mark A. Hoffman, Esq.
KLINE & SPECTER
Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102

DATED: 5/27/10

Justin P. McGlynn
1880 JFK Blvd., 10th Floor
Philadelphia, PA  19103
(215) 587-1632  (215) 587-1699
Attorney for Defendants

675748_1